**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

**NOTICE REGARDING
NEW LOCAL RULE 5.4 and MANDATORY ELECTRONIC FILING
EFFECTIVE JANUARY 1, 2006**

<u>Local Rule 5.4</u> - This new Local Rule was adopted on October 3, 2005 to reflect the Court's determination that unless exempt or otherwise ordered by the Court, all pleadings or other papers submitted to the Court must be filed, signed, verified and served by electronic means. New Local rule 5.4 is effective on **January 1, 2006.**

Unless otherwise ordered by the Court, all attorneys must now file documents electronically. The only exceptions at this time are case opening documents and those listed below:

(a)    sealed documents;
(b)    ex parte motions;
(c)    documents generated as part of an alternative dispute resolution (ADR) process;
(d)    the administrative record in social security and other administrative proceedings;
(e)    the state court record in proceedings under 28 U.S.C. § 2254; and
(f)    such other types of documents as the clerk may direct in the ECF Administrative Procedures.

Prior Standing Orders are moot and courtesy copies should not be submitted unless specifically requested by a judicial officer.

The Court will make a public scanner and computer available for use in the Clerk's Offices in Boston and Worcester for those who do not have the necessary equipment or access to the Internet to file documents from their offices. Each attorney must obtain an ECF log-in and password by registering for electronic filing through the Court's web site. This notice will be sent to those attorneys still receiving notice in paper form and will be noted on the docket. Failure to register for ECF after receipt of this notice may result in sanctions.

 /s/   *Sarah A. Thornton*
Sarah A. Thornton
Clerk of Court

Date:  December 23, 2005

## RULE 5.4 FILING AND SERVICE BY ELECTRONIC MEANS

**(A)     Electronic Filing Generally.** Unless exempt or otherwise ordered by the court, all pleadings and other papers submitted to the court must be filed, signed, and verified by electronic means as provided herein.

**(B)     ECF Administrative Procedures.** Subject to the supervision of the court, the clerk will maintain Electronic Case Filing (ECF) Administrative Procedures, including procedures for the registration of attorneys and other authorized users and for distribution of passwords to permit electronic filing. All electronic filings must be made in accordance with the ECF Administrative Procedures. The ECF Administrative Procedures will be generally available to the public and shall be posted on the court's web site.

**(C)     Service of Pleadings.** Unless exempt or otherwise ordered by the court, all pleadings and other papers must be served on other parties by electronic means. Transmission of the Notice of Electronic Filing (NEF) through the court's transmission facilities will constitute service of the filed document upon a registered ECF user. Any pleading or other paper served by electronic means must bear a certificate of service in accordance with Local Rule 5.2(b).

**(D)     Deadlines.** Although the ECF system is generally available 24 hours a day for electronic filing, that availability will not alter filing deadlines, whether set by rule, court order, or stipulation. All electronic transmissions of documents must be completed prior to 6:00 p.m. to be considered timely filed that day.

**(E)     Civil Case Opening Documents.** Civil case opening documents, such as a complaint (or petition or notice of removal), summons, civil action cover sheet, or category sheet, must be filed and served in paper format, not electronically. Emergency motions and supporting materials presented contemporaneously with civil case opening documents may be filed and served initially in paper format and not electronically. Unless exempt or otherwise ordered by the court, at the time a civil case is opened, the filing party must also file a disk with the clerk's office containing in PDF format the opening documents and any emergency motions and supporting papers not filed electronically.

**(F)     State Court Record in Removal Proceedings.** Within thirty days after filing a notice of removal in a civil action, a party removing an action under 28 U.S.C. §§ 1441-52 must file certified or attested copies of all docket entries, records, and proceedings in the state court in paper format. Unless exempt or otherwise ordered by the court, the removing party must also file a disk with the clerk's office containing the state court record in PDF format.

**(G)     Exemptions.**

(1)     *Documents That Should Not Be Filed Electronically.* The following types of documents must not be filed electronically, and will not be scanned into the ECF system by the clerk's office:

(a)     sealed documents;
(b)     ex parte motions;
(c)     documents generated as part of an alternative dispute resolution (ADR) process;
(d)     the administrative record in social security and other administrative proceedings;
(e)     the state court record in proceedings under 28 U.S.C. § 2254; and

(f)     such other types of documents as the clerk may direct in the ECF Administrative Procedures.

(2)     *Documents That Need Not Be Filed Electronically*.  The following types of documents need not be filed electronically, but may be scanned into the ECF system by a filing party or the clerk's office:

(a)     handwritten pleadings;

(b)     documents filed by pro se litigants who are incarcerated or who are not registered ECF users;

(c)     indictments, informations, criminal complaints, and the criminal JS45 form;

(d)     affidavits for search or arrest warrants and related documents;

(e)     documents received from another court under Fed. R. Crim. P. 20 or 40;

(f)     appearance bonds;

(g)     any document in a criminal case containing the original signature of a defendant, such as a waiver of indictment or a plea agreement;

(h)     petitions for violations of supervised release;

(i)     executed service of process documents under Rule 4; and

(j)     such other types of documents as the clerk may direct in the ECF Administrative Procedures.

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

<table>
<tr><td>

**DAVID R. GEIGER,**

              Plaintiff,

      v.

**FOLEY HOAG LLP RETIREMENT PLAN, FOLEY HOAG LLP SAVINGS AND RETIREMENT PLAN, FOLEY HOAG LLP MONEY PURCHASE PENSION PLAN,** and **FOLEY HOAG LLP,** as administrator of each of the foregoing plans,

              Defendants.

</td><td>

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

</td><td>

C.A. No. 05-118893-RWZ

</td></tr>
</table>

### [PROPOSED] ORDER FOR PRELIMINARY RELIEF

1.      Pending further order of the Court, Foley Hoag LLP, as plan administrator for the Foley Hoag LLP Savings and Retirement Plan, the Foley Hoag LLP Money Purchase Plan, and the Foley Hoag LLP Retirement Plan (a/k/a the Keough Plan) (collectively, "the Plans") (Foley Hoag LLP in such capacity being referred to hereinafter as "Foley Hoag") shall continue to cause accounts in the Plans to be maintained in the name of Karen Leeds as alternate payee in the following amounts, plus accrued investment gains or losses after December 31, 2005:

| Plan | Account Balance as of 12/31/05 |
|---|---|
| Foley Hoag LLP Savings and Retirement Plan | $[redacted] |
| Foley Hoag LLP Money Purchase Plan | $[redacted] |
| Foley Hoag LLP Retirement Plan (a/k/a the Keough Plan) | $[redacted] |

2.      Pending further order of the Court, Foley Hoag shall not permit funds from any of the accounts listed in paragraph 1 above ("the Accounts") to be removed or "rolled over" from

the Plan in which such account is now maintained but changes in investment options within each

Plan may be made as described below.

3.      Each Plan has the investment election alternatives, and as such alternatives may

change from time to time, Foley Hoag will cause investments in any of the Accounts to be

redirected to an investment alternative as jointly instructed in writing by Karen Leeds, or her

authorized representative, and David Geiger, or his authorized representative.  In the absence of

such joint instruction, Foley Hoag will leave the investment elections, as now in place, as

follows:

| Plan | Investment Election |
|------|---------------------|
| Foley Hoag LLP Savings and Retirement Plan | Per David Geiger's investment elections as of 5/5/2005 |
| Foley Hoag LLP Money Purchase Plan | Per David Geiger's investment elections as of 5/5/2005 |
| Foley Hoag LLP Retirement Plan (a/k/a the Keogh Plan) | [redacted] |

4.      In the event an investment selection is eliminated, and in the event Foley Hoag

does not receive a joint written instruction regarding an alternative selection for such allocation

from Karen Leeds and David Geiger (or their respective representatives), Foley Hoag shall cause

the investment allocation to be changed to the default alternative selection established for all

other participants in such Plan, or, if there is no such default alternative, direct that such

investment allocation be placed in the selection most similar to the eliminated selection.

5.    Foley Hoag shall cause statements regarding the investment earnings of the Accounts, or any other changes in the status of the Accounts, to be available jointly to Karen Leeds and David Geiger (or their respective representatives).

SO ORDERED:

_____        _____
Hon. Rya Zobel, U.S.D.C.          Date

**SEALED   DOCUMENT**

**SEALED   DOCUMENT**

**SEALED   DOCUMENT**

**SEALED   DOCUMENT**

**SEALED   DOCUMENT**