FILED
IN CLERKS OFFICE

2006 JUN 21 P 4: 42

U.S. DISTRICT COURT
DISTRICT OF MASS.

**RUBIN**AND
**RUDMAN**LLP
Attorneys at Law

T: 617.330.7000  F: 617.330.7550
50 Rowes Wharf, Boston, MA 02110

Frances M. Giordano
Direct Dial: (617) 330-7008
E-mail: fgiordano@rubinrudman.com

June 21, 2006

Sarah A. Thornton, Clerk
U.S. District Court
John Joseph Moakley U.S. Courthouse
1 Courthouse Way
Boston, MA 02210

Re: Geiger v. Foley Hoag et al., No. 05-CA-11893-RWZ

Dear Clerk of Court:

In connection with the above-entitled proceeding, I have today filed a Motion to Intervene and Motion to Dismiss, with supporting Memorandum of Reasons, electronically, along with my notice of appearance as attorney for the Intervener. However, I am seeking to file on paper Exhibits No. 1 through No. 11 cited in the Memorandum of Reasons, because of the plaintiff's threats to sue me for breach of privacy or to file a complaint with the Massachusetts Board of Bar Overseers, should I file papers "in any form infringing privacy." *See,* letter from David R. Geiger, pro se, to Frances M. Giordano, Esq.

This federal case grows out of a divorce proceeding between Mr. Geiger and my client, Karen Leeds, presently pending in the Massachusetts state courts. The Massachusetts Probate Court unlawfully granted a motion to impound its entire file (except for the docket) at the outset of the divorce case (in 1999). Karen Leeds' motion to terminate the impoundment is presently under advisement in the Probate Court.

I have redacted personal data identifiers from our papers, in accord with District Court Rule 5.3, and have redacted additional data from the pleadings filed electronically, in accord with the Electronic Case Filing Administrative Procedures. However, because the exhibits are either copies of papers in the presently impounded Probate Court file or are copies of correspondence which make abundant reference to impounded Probate Court material (redacting the references would render the correspondence incomprehensible), and in light of Mr. Geiger's objection to the filing of papers "in any form infringing privacy," I have to assume that the exhibits constitute "sealed" documents within the meaning of the ECF Procedures.

I am not seeking an impoundment order. I am simply seeking to comply with the impoundment order of the Massachusetts Probate Court, which is presently in force.

Sarah A. Thornton, Clerk
Page 2
June 21, 2006


     Thank you for your assistance in this matter and please feel free to contact me if you have any questions.

                          Very truly yours,

                          Frances M. Giordano

FMG/ldd
Encl.
cc: David R. Geiger, pro se
    James J. Dillon, Esq.