UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

FILE NO. 05-CA-11893-RWZ

| | |
|---|---|
| DAVID R. GEIGER,<br>            Plaintiff,<br><br>KAREN LEEDS,<br>            Intervenor Plaintiff,<br>    vs.<br><br>FOLEY HOAG LLP RETIREMENT PLAN, FOLEY HOAG LLP SAVINGS AND RETIREMENT PLAN, FOLEY HOAG LLP MONEY PURCHASE PENSION PLAN and FOLEY HOAG LLP as administrator of each of the foregoing plans,<br>            Defendants | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

**MOTION FOR ENLARGEMENT OF TIME NUNC PRO TUNC**

Intervener Karen Leeds ["Leeds"] hereby requests pursuant to Fed.R.Civ.P. 6(b)(2) for an enlargement of time to file her motion for attorney's fees *nunc pro tunc* to January 26, 2007, on the ground that Plaintiff David R. Geiger ["Geiger"] has not been prejudiced by her delay in filing her motion and has addressed the merits of her motion for fees in his opposition, that Leeds assented to Geiger's request for an enlargement of time to file his opposition which was allowed, that Leeds' delay has not disrupted the progress of this case, including Geiger's appeal from the judgment of dismissal, and that Leeds' failure to file a timely request for an enlargement of time to file her motion for attorney's fees may be considered excusable taking account of all relevant circumstances surrounding Leeds' delay.  The grounds for this motion are more fully explained in the Memorandum of Reasons and the Affidavit of Counsel, filed herewith in support of this

motion.

I hereby certify that I have attempted in good faith but been unable to confer with counsel for the Defendants, James J. Dillon, who is reportedly out of his office and unreachable by telephone until March 5, 2007. I hereby certify that I have attempted in good faith but without success to confer with Plaintiff David R. Geiger.

Dated: February 23, 2007                              Respectfully submitted,

                                                      KAREN LEEDS,

                                                      By her attorneys,

                                                      RUBIN AND RUDMAN, LLP


                                                       /s/  Frances M. Giordano_____
                                                      By: Frances M. Giordano, BBO #556769
                                                      50 Rowes Wharf
                                                      Boston, MA 02110
                                                      (617) 330-7000

                                                      Ann Wagner, BBO #545738
                                                      60 Seaview Avenue
                                                      Marshfield, MA 02050
                                                      (781) 834-0509


CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on this 23rd day of February, 2007.


                                                      /s/  Frances M. Giordano_____
                                                      Frances M. Giordano

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

FILE NO. 05-CA-11893-RWZ

| | |
|---|---|
| DAVID R. GEIGER,                              )  | |
|                 Plaintiff,     )  | |
|                                  )  | |
| KAREN LEEDS,                                  )  | |
|       Intervenor Plaintiff,     )  | |
|    vs.                                          )  | |
|                                  )  | |
| FOLEY HOAG LLP RETIREMENT                     )  | |
| PLAN, FOLEY HOAG LLP SAVINGS                  )  | |
| AND RETIREMENT PLAN, FOLEY                    )  | |
| HOAG LLP MONEY PURCHASE                       )  | |
| PENSION PLAN and FOLEY HOAG LLP               )  | |
| as administrator of each of the foregoing     )  | |
| plans,                                        )  | |
|                 Defendants )  | |

**AFFIDAVIT OF COUNSEL IN SUPPORT OF INTERVENOR
PLAINTIFF'S MOTION FOR ENLARGEMENT OF TIME**

ANN WAGNER, ESQ. hereby deposes and states:

1. I am an attorney of record for the Intervenor Plaintiff in the above-entitled action, Karen Leeds ["Ms. Leeds"].

2. I have been representing Ms. Leeds in the numerous state court appellate proceedings brought by Plaintiff David R. Geiger ["Mr. Geiger"] dating back to 2001, including two appeals to the full panel of the Appeals Court and a number of petitions to the single justices of the Appeals Court and the Supreme Judicial Court.

3. I also assisted Ms. Leed's trial counsel, Frances M. Giordano, in connection with Mr. Geiger's challenges to the QDROs entered by the Massachusetts Probate Court, including

drafting letters to the Plan Administrator and its designee in response to Mr. Geiger's objections to their approval of the QDROs.

4. I am a sole practitioner with a concentration in appellate work. In addition, I provide writing and research support to other attorneys.

5. I joined the bar of this court on June 29, 2006, for the purpose of appearing in this case and attending a hearing scheduled on that date. Although I have been a member of the bar of the District Court for the Federal District of New York and of the Second Circuit Court of Appeals for many years, I had not appeared in a federal court or been an attorney of record in a federal case since the 1970's. My experience in federal court since that time has consisted of researching specific issues and drafting motions and memoranda for other attorneys. I have not had any involvement with a motion for attorney's fees in federal court since the 1970's.

6. Judgment entered in this case on December 20, 2006. On that same day, Mr. Geiger filed a 49-page petition for further appellate review in the Massachusetts Supreme Judicial Court, along with a motion to file his petition late and to file excess pages.[1] Under the SJC's rule, we had to January 2 to file an opposition to his petition and motion.

7. On December 22, we learned from the Massachusetts Probate Court that Mr. Geiger had obtained a temporary stay, pending an application to the appellate courts for a stay, of an order entered on December 19, which terminated the order impounding the entire court file in the parties' divorce proceeding. We had long sought a termination of the impoundment order, in

---

[1] The rule limits the statement as to why further appellate review is needed to 10 pages.

part because it made filing electronically in this action considerably more difficult and therefore more costly to our client.

8. Both Attorney Giordano and I had family vacations planned for the week between Christmas and New Years. Attorney Giordano and I are the only attorneys who have worked on Ms. Leeds' case for many years. In addition, at some point Ms. Leeds went to Hawaii on vacation.

9. Had I been aware that federal rule 54(d)(2) requires a motion for attorney's fees to be filed within 14 days of entry of judgment, we would have filed a timely motion for enlargement of our time to file our motion. Apart from our scheduled vacations, I was concerned to get our opposition to Mr. Geiger's petition for further appellate review filed as quickly as possible. Ms. Leeds had been awarded $45,000 in attorney's fees in 2004 in connection with the divorce proceeding, and that order had been stayed pending appeal. We could not press for payment of that award until Mr. Geiger's petition for further appellate review was denied, thereby exhausting his appellate remedies.[2]

10. In addition, I was very concerned that Mr. Geiger would manage to docket an appeal to the full panel of the state Appeals Court from the order terminating the order of impoundment, thereby burdening Ms. Leeds with the expense of defending yet another improper appeal.[3] Massachusetts law provides that appellate review of an impoundment order or of an order terminating impoundment is by a petition to a single justice of the Appeals Court. Mr. Geiger's view was that he nonetheless was entitled to prosecute an appeal to the full panel of the court. I

---

[2]Mr. Geiger's petition was denied on February 1, 2007.
[3]Mr. Geiger had taken an improper appeal to the full panel of the Appeals Court from temporary orders in the middle of the divorce case. That appeal was ultimately dismissed as improperly entered, but only

was anxious to keep the impoundment matter on the proper appellate track, if possible, to minimize the cost to Ms. Leeds of defending the order terminating impoundment, and in addition was anxious to avoid a prolonged stay of the order terminating impoundment, because the impoundment order itself had burdened Ms. Leeds with additional costs. I therefore left for my vacation with instructions that I was to be notified if Mr. Geiger served or filed anything.

11.  I had begun work on Ms. Leeds' motion for attorney's fees before leaving for vacation.  I attempted to work on the motion while on my vacation, but found that I needed access to my voluminous case files to make much progress.  Upon my return from vacation, I first drafted an opposition to Mr. Geiger's petition for further appellate review and an opposition to file his petition late, which were timely filed on January 2, 2007.

12.  I then returned to work on the motion for attorney's fees.  When the motion papers were largely drafted, I waited for Ms. Leeds to return from Hawaii in order that she could provide us with a copy of her most recent tax return, in order to make certain that our representations regarding her current financial circumstances were made in good faith. I at no time deliberately delayed the filing of Ms. Leeds' motion for attorney's fees.

13.  On January 17, Mr. Geiger filed a motion for a stay pending appeal of the order terminating impoundment in the Massachusetts Appeals Court.  For the reasons stated above, I immediately took steps to make certain that we would have an opportunity to be heard in opposition.

---

after Ms. Leeds had been required to pay for defense of the appeal, including preparation of a brief on the merits.

14. Because we decided that, in order to comply with the state court impoundment order which was still in effect, we could not file electronically without making wholesale redactions to our papers, we hand delivered our motion and supporting papers to the court on Monday, January 22. A copy of our motions papers was served on Mr. Geiger by mail. Our caution about filing electronically was also influenced by the fact that Mr. Geiger had threatened in writing to sue Attorney Giordano or to report her to the Massachusetts Board of Bar Overseers in connection with the electronic filing of our previous motions to intervene and to dismiss the complaint.

15. On January 22, after we had hand delivered our motion papers to this court, a justice of the Massachusetts Appeals Court denied Mr. Geiger's motion for a stay of the order terminating impoundment pending appeal, but extended the stay to 5 p.m. on January 24, in order that Mr. Geiger could seek relief in the single justice session of the Supreme Judicial Court.

16. On I believe January 23, a clerk of this court notified us that the court would not accept our papers and that we needed to file as much as we possibly could electronically.

17. I spoke with the clerk and alerted him to the fact that there was now a real possibility that the stay of the order terminating impoundment would expire at 5 p.m. on January 24. The clerk was agreeable to my suggestion that we put off refiling our papers until we knew if the stay would expire, which would then permit us to file electronically without worrying about compliance with the impoundment order.

18. We waited 24 hours after the expiration of the temporary stay, in order to make certain that Mr. Geiger did not obtain a further emergency temporary stay, and then on January 26, filed our motion papers electronically (with the exception of Mr. Geiger's tax return, which was subsequently filed under seal).

19. Our papers were served on Mr. Geiger again by mail on January 26. Pursuant to Local Rule 7.1, his opposition was required to be filed within 14 days on February 9.

20. As a courtesy, I readily assented to Mr. Geiger's subsequent request for an enlargement of time to file his opposition to February 16. According to this court's docket, Mr. Geiger filed his request for an enlargement on February 12.

Sworn to under the pains and penalties of perjury this 23rd day of February, 2007.

    /s/ _Ann Wagner_____
    ANN WAGNER

CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on this 23rd day of February, 2007.

    /s/ _Ann Wagner_____
    ANN WAGNER