UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

FILE NO. 05-CA-11893-RWZ

| | |
|---|---|
| DAVID R. GEIGER, <br>                 Plaintiff, <br><br> KAREN LEEDS, <br>            Intervenor Plaintiff, <br>    vs. <br><br> FOLEY HOAG LLP RETIREMENT PLAN, FOLEY HOAG LLP SAVINGS AND RETIREMENT PLAN, FOLEY HOAG LLP MONEY PURCHASE PENSION PLAN and FOLEY HOAG LLP as administrator of each of the foregoing plans, <br>                 Defendants | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**MEMORANDUM OF REASONS WHY INTERVENOR PLAINTIFF'S MOTION FOR ENLARGEMENT OF TIME SHOULD BE ALLOWED**

Courts may, where appropriate, accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond a party's control. *Pioneer Investment Services Co., v. Brunswick Associates Limited Partnership,* 507 U.S. 380, 388 (1993). The First Circuit acknowledged in *Pratt v. Philbrook,* 109 F.3d 18 (1997), that the U.S. Supreme Court in *Pioneer* signaled "a substantial degree of elasticity in the definition of 'excusable neglect.'" *Pratt,* 109 F.3d at 18. The determination whether a party's neglect should be considered "excusable" is "as bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission, [which] include. . . the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for

the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer* at 395. *See also, Pratt* at 19 ("As to the requirement that the neglect be 'excusable,' the Court established a balancing test which requires an equitable determination. . .")

Geiger was not prejudiced by Leeds' filing of her motion for fees late. He filed a timely notice of appeal from the judgment dismissing his complaint. He was granted, with the assent of Leeds as a courtesy, an enlargement of time to respond to Leeds' motion, which he requested on the ground of "personal matters" and "business travel and out-of-state appellate filings."[1] He has already addressed the merits of Leeds' motion for attorney's fees in his 17-page opposition.

Nor does it appear that Leeds' late filing has posed a significant disruption to efficient judicial administration. The only activity in this case between entry of the judgment dismissing the complaint on December 20, 2006, and the filing of Leeds' motion on January 26 was the filing of a notice of appeal from the judgment by Geiger on January 17. The clerk of this court was aware on January 22 that Leeds was moving for an award of attorney's fees, when Leeds on that date filed in hand hard copies of her motion papers (because of the state court impoundment order which was then still in effect).[2] The record on appeal for the judgment of dismissal was certified and transmitted to the Court of Appeals on January 30. Although Geiger's appeal has

---

[1] Geiger was first served a copy of Leeds' motion papers by mail on January 22, when Leeds filed a hard copy of her papers at the clerk's office. He was served the papers again on January 26, when Leeds was able to file her papers electronically because the impoundment order had been terminated by the state court. His response was due on February 9, pursuant to Local Rule 7.1(B)(2). On February 12, he filed his assented to motion for an extension to February 16.

[2] As explained in the Affidavit of Counsel, the clerk notified Ms. Leeds' counsel that he could not accept her papers and Ms. Leeds' motion was subsequently refiled electronically on January 26, after the state court impoundment order was finally terminated.

now been docketed in the Court of Appeals, should this court grant Leeds' motion for attorneys' fees and Geiger file a notice of appeal from that order, it would appear feasible for the appeals to be consolidated in the Court of Appeals.

Had Leeds' attorneys known of the federal rule requiring that a motion for attorneys' fees be filed no later than 14 days after entry of judgment, they would have filed a timely request for an enlargement of time before the expiration of the 14 days. Leeds' attorneys had cause for an enlargement. On December 20, the same date judgment entered in this case, Geiger filed an Application For Further Appellate Review in the Massachusetts Supreme Judicial Court, along with a motion to enlarge the time for filing and to grant him leave to exceed the page limit.[3] Any opposition to his application was required to be filed and served within ten days after the filing of the application. Mass.R.App.P. 27.1(c). Leeds' opposition was therefore required to be filed on January 2. As explained in the affidavit of counsel, Leeds' attorneys would have requested in a timely motion for an enlargement of time to file their motion for attorney's fees in this court, that they be permitted to prepare and file the opposition to Geiger's state court petition for further appellate review first, because that appellate proceeding was delaying payment to Leeds by Geiger of attorneys' fees in the amount of $45,000, awarded to Ms. Leeds in 2004 in connection with the parties' divorce proceeding.

In addition, both of the attorneys representing Leeds in this case had family vacations planned for the week between Christmas and New Years. They could not know that judgment in

---

[3] Geiger's application was required to be filed by November 13. He filed it on December 20. His application was 49 pages long. A court rule requires a short statement of facts and a brief statement covering not more than 10 pages indicating why further appellate review is appropriate.

this case would enter on December 20. Nor did they have any control over when Geiger would (very belatedly) file his application for further appellate review in the Massachusetts Supreme Judicial Court.

Leeds therefore requests that this court forgive her attorneys' failure to request an enlargement of time in a timely fashion, and grant her request for an enlargement *nunc pro tunc* in order that her request for an award of attorney's fees may be considered on its merits. In the six years Leeds' attorneys have been representing her in state court proceedings, they have consistently sought to avoid delay and to minimize as much as possible the cost to Leeds of Geiger's excessive litigation. It is Geiger, and not Leeds, who has repeatedly delayed the state court proceedings and who delayed prosecution of his complaint in this proceeding for 4 months.

An award to Leeds of attorney's fees under ERISA requires consideration of Geiger's bad faith. Leeds has supported her motion with a showing of Geiger's bad faith in bringing this foredoomed action in federal court. Leeds intervened in this action with great reluctance and only when there appeared to be no alternative. Leeds' attorneys were successful in getting this action dismissed, which has spared this court as well as Leeds and the defendants (Geiger's own law firm) considerable expense. On balance, weighing all the circumstances surrounding Leeds' failure to request a timely enlargement of time to file her motion for attorney's fees, it is equitable to grant Leeds an enlargement of time *nunc pro tunc* to January 26, in order that she may have an opportunity for her motion for an award of attorney's fees to be considered on its merits.

Dated:  February 23, 2007                    Respectfully submitted,
                                             KAREN LEEDS,
                                             By her attorneys,
                                             RUBIN AND RUDMAN, LLP


                                              /s/   Frances M. Giordano
                                             By: Frances M. Giordano, BBO #556769
                                             50 Rowes Wharf
                                             Boston, MA 02110
                                             (617) 330-7000

                                             Ann Wagner, BBO #545738
                                             60 Seaview Avenue
                                             Marshfield, MA 02050
                                             (781) 834-0509


CERTIFICATE OF SERVICE

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on this 23rd day of February, 2007.


                                             /s/  Frances M. Giordano
                                             Frances M. Giordano