UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
..................................................
                                    |
DAVID R. GEIGER,                    |
                                    |
                 Plaintiff,         |
                                    |
      v.                            |   No. 05-CA-11893-RWZ
                                    |
FOLEY HOAG LLP RETIREMENT           |
PLAN, et al.,                       |
                                    |
                 Defendants.        |
..................................................
```

### PLAINTIFF'S OPPOSITION TO INTERVENOR'S MOTION
### FOR ENLARGEMENT OF TIME NUNC PRO TUNC

Pursuant to L.R. 7.1(B)(2), plaintiff David R. Geiger ("Mr. Geiger") hereby opposes intervenor Karen Leeds ("Intervenor")'s Motion for Enlargement of Time Nunc Pro Tunc (the "Motion") to retroactively enlarge her time to move for attorneys' fees herein following expiration of the deadline set by Fed.R.Civ.P. 54(d)(2)(b). As grounds, Mr. Geiger states as follows:

The ineluctable fact conceded by her Motion is that the sole reason Intervenor did not timely move for attorneys' fees, or move for an enlargement of her time to do so, is that her associate counsel who was working on a draft of the Motion was not aware of the deadline set by Rule 54. Memorandum of Reasons Why Intervenor Plaintiff [sic][1]'s Motion for Enlargement of Time Should Be Allowed ("Interv. Mem."), p. 3 (asserting, without record citation, that Intervenor's "attorneys" were unaware of the rule); Affidavit of Counsel in Support of Intervenor Plaintiff [sic]'s Motion for Enlargement of Time ("Wagner Aff."), ¶ 9 (averment of Attorney Wagner that *she* was unaware of the rule).

---

[1] Intervenor intervened as a *defendant*, not a plaintiff, to assert a motion to dismiss plaintiff's complaint.

Under the very authority cited by Intervenor, however, counsel's ignorance (or even misinterpretation) of the law does *not* constitute "excusable" neglect. Thus the Supreme Court in interpreting that term in *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*, 507 U.S. 380 (1993), expressly stated that "inadvertence, ignorance of the rules, or mistakes construing the rules do *not* usually constitute 'excusable' neglect." *Id.* at 392 (emphasis added). In so ruling, the court made it pellucidly clear "that clients must be held accountable for the acts and omissions of their attorneys." *Id.* at 396.

Moreover, even if the Supreme Court's binding explication of the law could be ignored, the First Circuit also has *repeatedly* held that counsel's mistake as to the law is not excusable, both before and since the Supreme Court's ruling in *Pioneer Investment*. E.g., *Graphic Communications International Union v. Quebecor Printing Providence, Inc.*, 270 F. 3d 1, 7-8 (1st Cir. 2001) ("counsel's ignorance of a simple procedural rule" in believing he had 60 rather than 30 days to appeal was not excusable neglect); *Stonkus v. City of Brockton School Department*, 322 F.3d 97, 101 (1st Cir. 2003) (rejecting excuse of counsel's "confusion over filing dates"; "[w]e have repeatedly held this type of counsel error to be inadequate to support a determination of excusable neglect") (citations omitted); *David v. Hall*, 318 F. 3d 343, 346 (1st Cir. 2003) (counsel's mistake in reading or interpreting statute setting time limit for habeas corpus petitions would not constitute excusable neglect); *Airline Pilots v. Executive Airlines, Inc.*, 569 F.2d 1174, 1175 (1st Cir. 1978) (late appeal due to secretary's error in recording deadline does not constitute excusable neglect, as "[a] mistake made by an attorney or his staff is not, except in unusual or extraordinary circumstances not present here, such excusable neglect as to invoke the rule"); *Rivera v. Puerto Rico Telephone Co.*, 921 F.2d 393, 395-96 (1st Cir. 1990) (mistake of party or counsel in not specifying parties taking appeal does not constitute excusable

neglect).[2]

    For all the foregoing reasons, therefore, the Motion should be denied.

                              Respectfully submitted,

_____
David R. Geiger, pro se
22 Tanglewood Road
Wellesley, MA 02481
(781) 431-1411

Dated: March 5, 2007

### Certificate of Service

    I, David R. Geiger, hereby certify that on this 5th day of March, 2007, I served the foregoing Plaintiff's Opposition to Intervenor's Motion for Enlargement of Time Nunc Pro Tunc upon all parties herein by causing a copy of same to be mailed by first-class mail, postage prepaid, to Frances M. Giordano, Esq., Rubin and Rudman LLP, 50 Rowes Wharf, Boston, MA 02110, attorney for intervenor, and Michael P. Boudett, Esq., Foley Hoag LLP, 155 Seaport Boulevard, Boston, MA 02210, attorney for defendants.

                              _____
                              David R. Geiger

---

[2] Indeed, even if, contrary to all the foregoing authority, counsel's mistake as to the law could be "excusable" neglect, Intervenor has not shown such a mistake by *all* her counsel. To the contrary, she conveniently omits to include any affidavit from her primary counsel, Ms. Giordano, asserting that she also did not know of the Rule 54 deadline. Finally, even if Intervenor had evidence that both of her counsel were ignorant of the law, and if that could under the law constitute "excusable" neglect, her reason for purportedly needing extra time--that Ms. Wagner needed to attend to opposing Mr. Geiger's petition for further appellate review in state court, Interv. Mem. at 3, is nonsensical. For one thing, Intervenor's opposition to Mr. Geiger's petition for further appellate review consisted primarily of material recycled from her previously filed Appeals Court brief and the attaching of that brief in full. Further, unlike Mr. Geiger, a working single parent *pro se* litigant who can only work on this litigation in his virtually non-existent "spare" time, Intervenor has the vast resources of Rudin and Rudman LLP, a *large* law firm, at her disposal. Indeed, there is no good reason why a lawyer of Ms. Wagner's or Ms. Giordano's seniority should have been doing the primary work on Intervenor's motion for fees when that could have been done by any junior associate. In any event, even if she were legitimately the only attorney who could have drafted the fee application, by her own prior affidavit Ms. Wagner had been working on the motion for fees since August 2006, *five months* before the motion was due, Affidavit of Counsel in Support of Intervener [*sic*] Plaintiff [*sic*]'s Motion for Fees, ¶ 12, and by her current affidavit had time to finish the motion both before and after her vacation following the entry of judgment herein on December 20, 2006 and before the motion was due on January 3, 2007, Wagner Aff. ¶ 8 (averring that her and Ms. Giordano's respective vacations were only between Christmas and New Year's Day--Mr. Geiger also moves that the court strike or ignore the statement as to Ms. Giordano's vacation as it is without an adequate foundation of personal knowledge).